■ Eva Bonanno, Plaintiff, v City of Rye et al., Defendants, and Felice Lanne, Defendant and Third-Party Plaintiff-Appellant. Merchants Insurance Group, Third-Party Defendant-Respondent. [720 NYS2d 831] —In an action, *inter alia,* to recover damages for negligence and false arrest, the defendant third-party plaintiff appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered August 31, 1999, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

"The duty of an insurer to defend its insured arises whenever the allegations within the four corners of the underlying complaint potentially give rise to a covered claim or where the insurer 'has actual knowledge of facts establishing a reasonable possibility of coverage' " (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175, quoting *Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 65-67). In this case, the complaint alleges that the defendant third-party plaintiff made misrepresentations that led to the false arrest and false imprisonment of the plaintiff's decedent. Those allegations, if proven, would constitute intentional torts, which are not covered under the policy. Moreover, the plaintiff does not contend that the third-party defendant had "actual knowledge of facts establishing a reasonable possibility of coverage." Therefore, the Supreme Court correctly determined that the

third-party defendant was not obligated to defend and indemnify the defendant third-party plaintiff in the main action. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.